UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NORTHWEST CAPITAL BUSINESS
CREDIT, LLC,

      Plaintiff,

v.

PF HOLDINGS, INC., d/b/a RMJ
CAPITAL, INC., et al.,

      Defendants.

Case No. 1:10-cv-470

Weber, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Pursuant to the order of the presiding district judge, this case has been referred to the undersigned to rule upon all nondispositive pretrial motions and to issue a recommendation for all dispositive pretrial motions. (Doc. 21). Currently pending are Northwest Capital Business Credit, LLC's motion to remand this case back to state court, and a motion by the removing defendant to realign one of the non-diverse defendants as a plaintiff.[1] (Docs. 13, 15).

**I. Background**

Plaintiff Northwest Capital Business Credit, LLC ("Northwest Capital") initially filed suit in the Hamilton County Court of Common Pleas. In its complaint, Northwest Capital alleges that it is the "primary commercial factor" for Defendant Meis, LLC, d/b/a Inclusive

---

[1] The Sixth Circuit has held that both motions are dispositive. *See, e.g., Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001)(motion to remand); *U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085 (6th Cir. 1992)(motion to realign parties dispositive where realignment would destroy diversity jurisdiction).

Solutions ("Inclusive Solutions"). (Doc. 2 at ¶9). The complaint further alleges that Inclusive Solutions has performed and continues to perform services for Defendant Hamilton County Developmental Disabilities Services ("HCDDS"), a political subdivision of Hamilton County. (*Id.* at ¶¶4, 6). As of June 14, 2010, HCDDS owes $290,579.99 for unpaid invoices, which sum is alleged to be due to Northwest Capital under Northwest Capital's security interest. (*Id.* at ¶¶7, 9). However, Defendant PF Holdings, Inc., d/b/a RMJ Capital, Inc. ("RMJ") claims that it holds a superior interest in the same unpaid invoices. Northwest Capital alleges that "HCDDS does not dispute owing the foregoing accounts receivable, but has advised the parties that it cannot make payment due to the competing claims to the funds by Northwest Capital and RMJ Capital." (*Id.* at ¶8). According to Northwest Capital, Inclusive Solutions "disputes the competing claim of RMJ Capital" and "admits that Northwest Capital owns and has a senior security interest in the accounts receivable, and that the funds should be paid to Northwest Capital." (*Id.* at ¶¶12, 13).

As relief, Northwest Capital seeks an order requiring each defendant "to interplead and set up any claims it may have to the accounts receivable," and a declaratory judgment "declaring that Northwest Capital as the owner and senior security party is entitled to payment of the accounts receivable, declaring that RMJ Capital is not entitled to payment thereof, ordering HCDDS to pay accounts receivable to Northwest Capital, ordering HCDDS to deposit current and future accounts receivable into court pending the outcome of this action, awarding Northwest Capital its attorneys' fees and costs, and awarding such other relief as the court deems appropriate." (*Id.* at pp. 3-4).

On July 19, 2010, RMJ removed the case to this court on grounds of diversity

jurisdiction. (Doc. 1). RMJ is a Colorado corporation. (Doc. 1 at ¶4). There is no dispute that Plaintiff Northwest Capital and Defendants Inclusive Solutions and HCDDS are all citizens of Ohio. (Doc. 1 at ¶¶1, 5, 8). Because the citizenship of the parties - as named in the Complaint - would appear to defeat diversity, Northwest Capital has moved to remand this case to state court. By contrast, RMJ has moved to realign Defendant Inclusive Solutions as a Plaintiff, and to ignore the citizenship of HCDDS as a "nominal" party, so as to create "actual" diversity of citizenship not readily apparent from the face of the complaint.

## II. Analysis

Citing the removal provisions of 28 U.S.C. §§1441 and 1446, RMJ invokes the jurisdiction of this court exclusively under 28 U.S.C. §1332. Section 1332, the "diversity jurisdiction" statute, provides for federal jurisdiction when the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. The sole dispute presented by the parties' respective motions is whether complete diversity exists.

It is important to note that, despite describing this litigation as an interpleader action, RMJ does not invoke jurisdiction under the federal interpleader statute, *see* 28 U.S.C. §1335; Rule 22, Fed. R. Civ. P. *See also generally United States v. High Technology Products, Inc.,* 497 F.3d 637, 641 (6th Cir. 2007)(discussing jurisdiction and stages of interpleader actions). Unlike general diversity jurisdiction, the federal interpleader statute has a more minimalistic diversity requirement, permitting jurisdiction where at least two of the claimants are diverse. Under the interpleader statute, "courts look at the citizenship of the claimants, not the stakeholder." *First Trust Corp. v. Bryant*, 410 F.3d 842, 952 n.4

(6th Cir. 2005).[2] However, at least one federal court has held that, notwithstanding its clear grant of jurisdictional authority for *original* actions, §1335 may not be invoked as a basis for removal to federal court under 28 U.S.C. §1441 in the absence of complete diversity. *See Federal Insur. Co. v. Tyco International Ltd.,* 422 F. Supp.2d 357, 394-395 (S.D.N.Y. 2006).

As the party seeking removal, RMJ bears the burden of establishing the existence of diversity jurisdiction. *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 855 F.2d 1086, 1089 (6th Cir. 1992). Unlike interpleader jurisdiction, the existence of diversity jurisdiction under §1332 requires *complete* diversity between the parties of an action. *Id.* To find complete diversity in this case requires the court to look beyond the face of the complaint. Because the removal petition is to be strictly construed, all doubts must be resolved against removal. *Her Majesty The Queen ex rel. Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

To accept diversity jurisdiction, the court must realign one party and disregard a second. In its Notice of Removal, RMJ asserts that "Inclusive Solutions is a fraudulently joined party that should be disregarded for purposes of diversity jurisdiction." (Doc. 1 at 6). In the alternative RMJ asserts that "Inclusive Solutions should be realigned as a plaintiff with Northwest Capital." (*Id*. at 7). RMJ has now formally moved to realign Defendant Inclusive Solutions as a Plaintiff. (Doc. 15). This motion should be granted - Plaintiff Northwest Capital Business has affirmed that it has no objection to realignment,

---

[2] RMJ's failure to invoke the interpleader statute cannot be considered to be a mere typographical error; RMJ does not refer to interpleader jurisdiction as a separate basis for jurisdiction at all. *Compare SED, Inc. v. City of Dayton*, 515 F. Supp.737 (D.C. Ohio 1981)(party's typographical error in citing to 28 U.S.C. §1331 instead of §1332 did not require dismissal where pleading clearly invoked diversity jurisdiction).

and Inclusive Solutions also has failed to object.  More importantly, the allegations central to the complaint clearly support realignment of Inclusive Solutions as a plaintiff.

Realignment of Inclusive Solutions, however, gets RMJ only half-way across the diversity field because Defendant HCDDS, like both Plaintiffs, is a citizen of Ohio.  To surmount this hurdle, RMJ argues that HCDDS is only a nominal party whose citizenship should not be considered for purposes of diversity jurisdiction.  If HCDDS is disregarded, Plaintiffs (Northwest Capital and Inclusive Solutions) would be completely diverse to the only "real" Defendant, RMJ.

Unlike the realignment of Inclusive Solutions, Northwest Capital strongly opposes RMJ's argument that "HCDDS" is a "nominal" party.  According to Northwest Capital, HCDDS cannot be considered to be a nominal party because in its answer to the declaratory judgment action, HCDDS expressly denies that it owes the specific sum of money alleged by Northwest Capital to be owed.  Rather, HCDDS contends that it owes approximately $24,000 less.  (Doc. 3 at ¶7, 8,19, 20).   In its Rule 26 initial disclosures, HCDDS explains that it disputes the precise charges claimed because multiple invoices were received for some of the same services and/or some charges exceeded contract limits.   (Doc. 26-3 at 2).  In addition, because services provided to HCDDS are ongoing, the amount owed at any given time necessarily will fluctuate.

Without question, the primary dispute in this case concerns the determination of which party's security interest in the accounts of Inclusive Solutions is superior: RMJ or Northwest Capital.  The interest of HCDDS is clearly secondary, if not wholly nominal.  In fact, Northwest Capital's complaint does not actually allege *any* direct dispute with HCDDS; rather, the complaint alleges that "HCDDS does not dispute owing the foregoing accounts

receivable, but has advised the parties that it cannot make payment due to the competing claims to the funds by Northwest Capital and RMJ...." (Doc. 2 at ¶8). Nevertheless, in seeking remand, Northwest Capital now argues that the interest of HCDDS cannot be deemed to be "nominal" in light of the dispute over the precise sum owed and expressed intention of HCDDS to present evidence on that issue.

HCDDS itself has filed no responsive memoranda to either of the pending motions. In opposing remand, however, RMJ has attached correspondence from counsel for HCDDS that reflects that HCDDS is willing to deposit the funds owed into the appropriate court's registry so as to avoid litigation costs.[3] (Doc. 16-1 at ¶4, and at p. 5). Alternatively, because the "active litigants have not agreed upon the court in which the case will be resolved," HCDDS has offered to "deposit the money in an interest bearing account" rather than a specific court. (*Id.* at 6).

Even though HCDDS has not yet filed an interpleader action and may have some dispute with the amount owed, I conclude that the interest of HCDDS should be considered to be nominal based upon: 1) the allegations in the original complaint; 2) the Declaration of RMJ's counsel including the representations of HCDDS's intention to deposit funds; and 3) the lack of any response by HCDDS. *See also Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554 (6th Cir. 2010)(realigning parties to retain diversity jurisdiction based upon parties' interests in the "primary" dispute). However, this recommendation is conditioned on the willingness of HCDDS to deposit the *entirety* of the sum claimed by Northwest Capital in its complaint. *See*, *e.g. United States Fire Ins. Co.*

---

[3] Deposit of the disputed funds is a requirement under the federal interpleader statute - possibly another reason why RMJ does not rely on §1335 as a basis for removal.

*v. Asbestospray, Inc.*, 182 F.3d 201, 210-11 (3rd Cir. 1999)(holding in analogous statutory interpleader case that insurer was required to deposit largest amount for which it may be liable). To the extent that HCDDS wishes to contest the precise amount in dispute in this case, remand would be appropriate. *See National Union Fire Ins. Co. Of Pittsburgh v. Ambassador Group, Inc.,* 691 F. Supp.618, 621 (E.D.N.Y. 1988)(granting motion to dismiss because insurer required to deposit amount claimed rather than amount insurer viewed as maximum liability).

### III. Conclusion and Recommendation

For the reasons discussed herein, **IT IS RECOMMENDED THAT:**

1. The motion of Defendant RMJ to realign Defendant Inclusive Solutions as a Plaintiff (Doc. 15) should be **GRANTED;**

2. The motion of Plaintiff Northwest Capital to remand this case to state court (Doc. 13) should be **DENIED**, conditioned upon the willingness of otherwise nominal Defendant HCDDS to deposit the sum of $290,579.99 into the registry of this court. If this R&R is adopted as the opinion of the district court, such deposit shall be made not later than ten (10) days following entry of the Court's order.

                                                 s/ Stephanie K. Bowman
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

NORTHWEST CAPITAL BUSINESS
CREDIT, LLC,

      Plaintiff,

v.

PF HOLDINGS, INC., d/b/a RMJ
CAPITAL, INC., et al.,

      Defendants.

Case No. 1:10-cv-470

Weber, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981)